## APPEAL OF CUMBERLAND GLASS MANUFACTURING CO.

Docket No. 2522.   Submitted June 6, 1925.   Decided October 30, 1925.

 1. Interest is an accrued expense when it is due rather than when payable.
 2. Depreciation approved as determined by the Commissioner.
 3. Invested capital approved as determined by the Commissioner.

*J. Marvin Haynes, Esq., John Hood, Jr.,* and *H. E. Witman, C. P. A's.,* for the taxpayer.
*J. Harry Byrne, Esq.,* for the Commissioner.

### Before IVINS [1] and MORRIS.

#### FINDINGS OF FACT.

The taxpayer and its affiliated companies, the More-Jonas Glass Co., the Minotola Glass Co., and the Bridgeton Glass Co., are New Jersey corporations with their principal office located at Bridgeton.

---

[1] This decision was prepared by Mr. Ivins during his term of office.

The taxpayer kept its accounts and rendered its returns upon an accrual basis.

By an indenture dated November 10, 1902, the taxpayer mortgaged all of its property as security for the issuance of $1,000,000 par value of its gold bonds, equally divided into two series, A and B.

The indenture contained, among others, the following provisions:

Whereas, for the purpose of paying its existing indebtedness, and of furnishing money for the extension of its business, and for other corporate purposes the company desires to make and execute its coupon, gold bonds for the aggregate amount of One Million Dollars, in two series, one to be known as series A. to be forty year five per cent gold bonds for the aggregate principal sum of Five Hundred Thousand Dollars, the other to be known as series B. to be twenty year gold bonds for the aggregate principal sum of Five Hundred Thousand Dollars, said bonds of each series to be of the par value of One Thousand, or Five Hundred Dollars, or One Hundred Dollars or Fifty Dollars each, and all of which bonds are to be issued under and in pursuance of this indenture, and are to be secured ratably, thereby; and

Whereas, said bonds of each series are to be issued as coupon bonds of the denomination of One Thousand Dollars, or Five Hundred Dollars, or One Hundred Dollars or Fifty Dollars each and each bond of each series is to bear a distinctive number; and said bonds are to bear interest at five per cent per annum, payable semi-annually on the tenth days of May and November, and are to have attached thereto coupons representing the instalments of interest which may become due thereon, and each of said coupons is to bear the engraved fac simile signature of the treasurer of the Company, and the company is to have the right at its option to defer the payment of any and all interest accruing upon the bonds of series B. until the date of the maturity of said bonds, and shall not be liable to pay interest upon said interest payments so deferred, and is also to have the right at its option to pay any or all of said bonds of Series B. on any tenth day of May or November, after the tenth day of May 1907, at par and accrued interest; * * *

Whereas, such bonds of each series, said coupons, and said trustee's certificate are to be substantially in the following forms;

*     *     *     *     *     *     *

Twenty year Five per cent. Gold Bond.

$_____          SERIES B.          No. _____

The Cumberland Glass Manufacturing Company, a corporation created and existing under the laws of the State of New Jersey, and hereinafter termed "the company," for value received, promises to pay the bearer hereof, on the tenth day of November, nineteen hundred and twenty-two, at The Cumberland Trust Company, of Bridgeton, New Jersey, —— Dollars in gold coin of the United States of the present standard of weight and fineness, and to pay interest thereon from the tenth day of November, nineteen hundred and two, at the rate of five per centum per annum, such interest to be payable at The Cumberland Trust Company of Bridgeton, New Jersey, in like gold coin, semi-annually, on the tenth days of May and November in each year, but only upon presentation and surrender of the respective coupons for such interest hereto

attached, as they severally mature. The Company may at its option defer the payment of any and all interest accruing upon all of the bonds of this Series until the date of the maturity of said bonds, and shall not be liable to pay interest upon such interest payments so deferred.

This bond is subject to redemption on any tenth day of May or November, after the tenth day of May, nineteen hundred and seven, at par and accrued interest. All payments on this bond, both of principal and interest shall be made without deduction of any tax or taxes which the company, its successors or assigns may be required to pay, deduct or retain therefrom under any present or future law of the United States, or of any state, county or municipality therein.

This bond is one of a series of coupon bonds of the company known as Series B., the aggregate amount of which series is limited to $500,000, all of which bonds, together with another series of bonds known as Series A., (the aggregate amount of said Series A., being limited to $500,000) have been issued or are to be issued under and in pursuance of, and are to be secured ratably, by, and subject to the conditions of a certain mortgage or deed of trust dated the tenth day of November, nineteen hundred and two, duly executed by the company to The Cumberland Trust Company of Bridgeton, New Jersey, as trustee; and reference is hereby made to said indenture with the same effect as if it had been herein fully set forth.

No recourse shall be had for the payment of the principal and interest of this bond against any stockholder, officer or director of the company by virtue of any statute or by enforcement of any assessment or otherwise; any and all liabilities of stockholders, directors and officers of the Company being hereby released.

Neither this bond or any coupon for interest thereon shall become or be valid until .the bond shall have been authenticated by the certificate endorsed hereon, duly signed by the trustee under such indenture.

·  *        *        *        *        *        ●        ●

(Form of Interest Coupon.)

No.——            SERIES B.            $——

Coupon for $—— gold coin of the United States of America, payable to bearer on the tenth day of —— at The Cumberland Trust Company of Bridgeton, N. J. without deduction for taxes, on its $—— twenty year five per cent gold bond Series B., No.—— of the Cumberland Glass Manufacturing Company, Subject to the right of the Company to defer interest payments to the date of maturity of the bond, and all terms of said bond and the Indenture therein mentioned.

————  ——

*Treasurer.*

Now therefore, This Indenture Witnesseth, that in order to secure the payment of the principal and interest of all such bonds of Series A. and B. of the Company at any time issued and outstanding under this Indenture —

Bonds for each series to the amount of $500,000, with all coupons for interest thereto attached shall forthwith be executed by the company and delivered to the trustee for authentication.

The Company covenants that it will duly and punctually pay the principal and interest of every bond issued hereunder and secured hereby (except as it may avail itself of its option to defer interest payments on bonds of series B), at the dates and places and in the manner specified in such bonds or in the coupons thereto belonging.

In case default shall be made in the payment of any interest on any bond or bonds of series A hereby secured and outstanding, or in the payment of principal and interest of any bond or bonds of series B at the maturity of said bonds, and any such default shall have continued for the period of 30 days, then, and in every case of such continuing default, the trustee, may, and upon the written request of the holders of a majority in amount of the bonds hereby secured and then outstanding shall, by notice in writing delivered to the company, declare the principal of all the bonds hereby secured and then outstanding to be due and payable immediately; and upon such declaration ·the same shall become and be due and payable immediately.

The said company, its successors and assigns, shall have and possess the right and privilege on any 10th day of May or November after the 10th day of May, 1907, of paying to the said trustee the whole amount of the principal and interest unpaid upon any bond of series B issued under and secured by this indenture, for the purpose of paying the same.

The taxpayer paid no interest on bonds of series B prior to its fiscal year ending June 30, 1917. In the taxpayer's balance sheet of June 30, 1916, there was entered on the liability side, the item " deferred interest on bonds " in· the amount of $211,750, which represented interest on series B bonds, to the respective coupon dates prior to November 10, 1916, but which, under the authority of the indenture and the terms of the bonds, had not been paid.

At a meeting of the taxpayer's board of directors, held June 9, 1917, it was voted to pay back interest on series B bonds as follows:

> Amount due Nov. 10, 1906, coupon #8.
> Amount due May 10, 1907, coupon #9.
> Amount due Nov. 10, 1907, coupon #10.
> Amount due May 10, 1907, coupon #11.

Within the fiscal year ending June 30, 1917, the taxpayer entered upon its books as an accrued expense of that year the amount of $42,350, representing said back interest for the years 1906, 1907, and 1908. In its return for the fiscal year 1917 the taxpayer deducted interest on its series A and B bonds (including said amount of $42,350), and other small items of interest, in the total sum of $74,295.76, represented by coupons, as follows:

Series A:
    Coupon #28 for interest for six months' period ending Nov.
      10, 1916_____ $10, 600. 00
    Coupon #29 for interest for six months' period ending May
      10, 1917_____ 10, 600. 00
Series B:
    Coupon #8 for interest for six months' period ending Nov.
      10, 1906_____ 10, 587. 50
    Coupon #9 for interest for six months' period ending May
      10, 1907_____ 10, 587. 50
    Coupon #10 for interest for six months' period ending Nov.
      10, 1907_____ 10, 587. 50
    Coupon #11 for interest for six months' period ending May
      10, 1908_____ 10, 587. 50

Series B—Continued.

Coupon #29 for interest for six months' period ending May
10, 1917_____ $10,587.50
And miscellaneous interest_____      158.26
                                                        ——————
                                                        74,295.76

Within the fiscal year ended June 30, 1917, the following coupons
were presentable by the holders thereof to the taxpayer, for pay-
ment under the terms of the indenture, the bonds and the coupons,
and irrespective of the vote of June 9, 1917:

Series A coupon #28 for period ending Nov. 10, 1916_____ $10,600.00
Series A coupon #29 for period ending May 10, 1917_____  10,600.00
Series B coupon #28 for period ending Nov. 10, 1916_____  10,587.50
Series B coupon #29 for period ending May 10, 1917_____   10,587.50
                                                               ——————————
Total_____ 42,375.00

The total amount of depreciation taken by the taxpayer upon its
books for itself and its affiliated companies for the fiscal year ended
June 30, 1917, was $98,683.56, which amount was a reasonable allow-
ance for the exhaustion, wear and tear of property arising out of
its use or employment in the business.

The consolidated invested capital of the taxpayer and its affiliated
corporations for the fiscal year ended June 30, 1917, was $825,976.21.

The Commissioner determined an aggregate deficiency for the
taxpayer and its affiliated corporations for the fiscal year ended
June 30, 1917, in the amount of $1,502.27.

DECISION.

The determination of the Commissioner is approved.

OPINION.

IVINS: Our determinations of the questions of fact relative to
depreciation and the amount of invested capital dispose of several
of the questions presented in this appeal.

There was a conflict in the testimony relative to what the tax-
payer's books disclosed as to depreciation actually taken. The books
were not presented in evidence but resort was had to secondary evi-
dence in the form of tabulations submitted by the taxpayer. On
the basis of such a tabulation furnished by the taxpayer to the Com-
missioner in 1921, the Commissioner made his determination. That
tabulation purported to represent the taxpayer's books. A different
tabulation was presented at the hearing. We are not convinced that
the 1921 tabulation contained error, and so approve the Commis-
sioner's action in that respect.

The main question relates to the time when interest accrued on the
taxpayer's series B bonds. By force of the provisions of the in-

denture, the bonds and the coupons, interest became due on November 10 and May 10 of each year. The taxpayer had the option of deferring payment until the maturity date of the bonds. That right did not give the directors power to make interest due at such time as they saw fit.

Interest is an accrued expense, ratably over an elapsed period of time. *Appeal of Chatham & Phenix National Bank,* 1 B. T. A. 460. The taxpayer recognized that in at least two ways; the vote of the directors of June 9, 1917, referred to "Amount *due* Nov. 10, 1906," etc. The indenture and the bonds themselves contained the provision that, if interest payments were deferred, no interest *upon* the interest would accrue. Clearly, the taxpayer understood and intended to have all interest due and owing as of the respective coupon dates. The payment only was deferred. *Appeal of Tel-Electric Co.,* 1 B. T. A. 434; *Appeal of North Wayne Tool Co.,* 2 B. T. A. 366; *Appeal of McIntosh & Seymour Corporation,* 2 B. T. A. 953.

Accordingly, it follows, that the Commissioner's computation of the taxpayer's income and invested capital was correct, and the determination of deficiency is approved.